UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN JOHNSON,

Plaintiff(s),

-against-

CITY OF NEW YORK *et al.*,

Defendant(s).

24-CV-3173 (RA) (JW)

ORDER GRANTING LIMITED
SCOPE PRO BONO COUNSEL

**Jennifer E. Willis, United States Magistrate Judge:**

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of assisting Plaintiff in understanding the terms of the proposed settlement in the above-captioned action.  Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel.  Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant.  Id.  Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in

civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).

In Hodge, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

2

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. Dkt. No. 5. Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under the Eighth Amendment and Fourteenth Amendment, alleging that Defendants, through their employees and agents, failed to protect Plaintiff when he "was physically assaulted by several inmates" at Rikers Island. Dkt. No. 1. The Court finds that Plaintiff's claim is "likely to be of substance." Hodge, 802 F.2d 61-62. The Court finds that the other Hodge factors also weigh in favor of granting Plaintiff's application. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

The Parties appeared before the undersigned for a settlement conference on October 9, 2025 and two follow up conferences on November 4, 2025 and December 10, 2025, where the parties agreed to settle the case. However, Plaintiff filed a letter on January 6, 2026, asserting that he does not fully understand the terms and conditions of the settlement agreement received by Defendants. Dkt. No. 30. As such, the Court will request that counsel appear for the limited purpose of meeting with Plaintiff via video or telephone conference on **February 3, 2026 at 10:30 AM** to assist Plaintiff in understanding the terms of the settlement agreement.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of the February 3rd meeting.

3

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Court GRANTS pro bono counsel to Plaintiff for the limited purpose of the February 3rd meeting described above. The Court advises Plaintiff that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney. The Court requests that the Plaintiff respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, plaintiff should be prepared to proceed with the case *pro se*.

4

Plaintiff must write to the Court by **1/23/2026** to state whether or not Plaintiff has an objection to the Court seeking pro bono representation.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 12, 2026
         New York, New York

Jennifer E. Willis
United States Magistrate Judge